## CUNNINGHAM v RICHARDSON

Ohio Appeals, 6th Dist, Lucas Co
No. 2236. Decided Nov. 12, 1929

Messrs. Herman A. Krueger, Toledo, Paul Ragan and M. H. Pilliod, Maumee, for Cunningham.

Miss Mary E. Gillen and Mr. Frank A. Carabin, Toledo, for Richardson.

RICHARDS, J.

In December, 1928, a jury was impanelled and heard the evidence. but the jury was thereafter discharged without rendering a verdict, and on February 16, 1929, a judgment for $880.00 was rendered by the trial judge to whom the cause was submitted upon the discharge of the jury. This judgment was set aside by the trial court on May 21, 1929, being at the April term of the court, the journal entry showing that the court found the judgment had been entered through irregularity and mistake and reciting that the court being fully advised found the motion to set aside the judgment was well taken. In the same entry the trial court re-entered the judgment, this action presumably having been taken for the purpose of extending the time for the preparation of a bill of exceptions. While the action of the trial court in setting aside the judgment may have been irregular, the record does not disclose the circumstances under which the court acted nor the evidence which may have been received, and the record is silent on the question of jurisdiction. Every reasonable intendment must therefore be made in favor of the regularity of the order setting aside the judgment. Furthermore, this entry was made and judgment entered in May, 1929, and it was a final order. If erroneous, proceedings in error for its reversal should have been brought within the time limited by statute. No original proceeding in error was ever brought to secure the reversal of the final order setting aside the judgment and no cross petition in error was filed in this case until October 28, 1929, and in that cross petition in error the only complaint made against the order is that it was without cause or legal justification. We are, for these reasons, of the opinion that the order setting aside the judgment and re-entering the same can not now be reversed in this proceeding.

On the trial of the case on its merits a bill of exceptions was taken which shows that it contains all of the evidence introduced on the trial except three exhibits offered by the plaintiff.

The basic trouble with this case is that the action was brought by a real estate dealer to recover a commission for the sale or exchange of real estate and neither the petition nor the evidence shows that he was licensed as a real estate broker or salesman at the time the cause of action arose. The petition avers that the agreement was made on May 18, 1927, and the deal completed on June 29, 1927. The act of the General Assembly, of which 6373-48 GC is a part, was filed in the office of the Secretary of State on April 21, 1925, and the section cited became effective on April 1, 1926. 111 Ohio Laws, 401, 402. It is true that portions of the act were thereafter amended but the particular section cited was in the same phraseology when first enacted and has not been in any respect changed. The section was therefore in force and effect at the time the contract as set up in the petition was claimed to have been executed, and at the time it is averred the cause of action arose, and it prevents a recovery of a commission by an unlicensed real estate broker or salesman.

In view of the averments of the petition and the evidence that the plaintiff did not hold a license as a real estate broker or salesman, the judgment will have to be reversed and the cause remanded for further procedings.

Williams and Lloyd, JJ., concur.